# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-942V
Filed: March 28, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| MATRAECA WEYDERT, | |
| Petitioner, | |
| v. | Attorneys' Fees and Costs; Special Processing Unit ("SPU") |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Michael G. McLaren*, Black McLaren Jones Ryland & Griffee, PC, Memphis, TN, for petitioner.
*Claudia B. Gangi*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 6, 2014, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered injuries resulting in Guillain-Barré Syndrome ("GBS") after receiving multiple vaccines, including the influenza vaccine, on October 18, 2013. Petition at 1, ¶¶ 3, 17. On October 21, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 34). Judgment entered on October 24, 2016. (ECF No. 36).

On January 5, 2017, petitioner filed a motion requesting **$41,667.25** in attorneys' fees and **$14,867.48** in attorneys' costs for a total amount of **$56,534.73**. Petitioner's

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Motion for Attorneys' Fees and Costs ("Pet. Motion") at 1, 29 (ECF No. 38).  In compliance with General Order #9, petitioner filed a signed statement indicating she incurred no out-of-pocket expenses.  *See* Pet. Motion, 3rd Attachment (ECF No. 38-3).

On January 23, 2017, respondent filed a response to petitioner's motion.  (ECF No. 39).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On November 4, 2016, the undersigned issued a reasoned decision in *Henry v. Sec'y of Health & Human Servs.*, No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016), addressing the parties' respective arguments regarding the appropriateness of forum versus local hourly rates for the McLaren firm.  The undersigned concluded that petitioner's counsel should be compensated at forum rates which are consistent with the rates requested in the instant application.  However, the undersigned reduced the hourly rates billed for attorney travel time and for work performed by law clerks and paralegals in 2016.  The undersigned adopts the reasoning in the *Henry* decision for the instant analysis.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or costs.  However, consistent with *Henry, supra*, the undersigned reduces the award to reflect a rate reduction for 2016 law clerk and paralegal rates, from $150.00 per hour to $145.00 per hour.  The undersigned tallies 6.9 hours of paralegal and law clerk time which was billed at a rate of $150.00 per hour.  *See* Pet. Motion at 29; Pet. Motion, 2nd Attachment at 15-25 (ECF No. 38-2).  Reducing the hourly rate to $145 reduces the total amount by $34.50.  The undersigned notes that petitioner's counsel has already reduced the time spent traveling, separating this time from hours spent performing substantive work.  *See* Pet. Motion, 2nd Attachment at 3 (entries dated June 30, 2016 and July 1, 2016).

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---:|
| Requested attorneys' fees: | $41,667.25 |
| Less 2016 paralegal rate reduction: | -$34.50 |
| Adjusted total: | $41,632.75 |
| Costs: | $14,867.48 |
| **Total Attorneys' Fees and Costs Awarded:** | **$56,500.23** |

**Accordingly, the undersigned awards a lump sum of $56,500.23, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Black McLaren Jones Ryland & Griffee, P.C.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.